SARAH M. HOFFMAN *vs.* ABNER A. ARMSTRONG,

The mere fact of the boughs or limbs of a tree planted upon the land of one man, extending to or overhanging the land of an adjoining owner, does not give the latter any right or title to any part of the tree, or to the overhanging branches, or the fruit growing thereon.

The maxim *cujus est solum, ejus est usque ad cœlum et ad inferos,* does not and should not apply to cases of overhanging branches of trees, walls or other fixtures.

The title to the fixture at the surface of the land determines that of every thing connected with, and which is superincumbent above, the surface where the base of the fixture rests.

If the owner of land overhung by the branches of a fruit tree growing upon the adjacent lot, attempts by violence to prevent the owner of the adjacent lot from picking the fruit on the overhanging branches, he is a wrongdoer, and an action for an assault and battery may be maintained against him.

APPEAL from a judgment rendered at the circuit, upon a verdict. The action was brought to recover damages for an assault and battery. The defendant and Dr. Hoffman, the brother of the plaintiff and with whom she resided, were the owners of adjoining lots. A cherry tree stood upon the land of Dr. Hoffman, with limbs overhanging the land of the defendant, The plaintiff undertook to pick the cherries from the limbs of the tree which overhung the defendant's land. The defendant forbade her doing so ; and she still persisting, the defendant attempted to prevent her, by force, and she was somewhat injured. The jury found a verdict in favor of the plaintiff, for $1000.

*D. Wright,* for the appellant.

*H. V. Howland,* for the respondent.

*By the Court,* WELLES, J. The cherry tree in question stood upon the land of Dr. Hoffman, about two feet from the division line between his premises and those of the defendant, and a portion of the limbs of the tree overhung the defendant's land. It is claimed on behalf of the defendant,

that so much of the limbs of the tree as overhung his land, together with the fruit on the same, was his property, and that the assault and battery complained of was committed in defense of his possession and in preventing the plaintiff from taking the cherries from the limbs of the tree which so overhung his land. The claim is founded upon the maxim, *cujus est solum, ejus est usque ad cœlum et ad inferos,* which is sometimes translated, he who has the soil, has it even to the sky, and to the lowest depths. Blackstone, after quoting the maxim, says: "Upwards, therefore, no man may erect any building, or the like to overhang another's land; and downwards, whatever is in a direct line, between the surface of any land and the center of the earth belongs to the owner of the surface." (2 *Black. Com.* 18.)

The justice holding the circuit charged the jury, that every person upon whose lands a tree stands, owns the whole of that tree, notwithstanding portions of it may overhang the lands of another, and in this case, as it is conceded that the body or trunk of the tree was wholly upon the land of Dr. Hoffman, he was entitled to all the fruits growing thereon; and hence, if the defendant attempted to prevent the plaintiff from picking such fruit, by violence, he was a wrongdoer, and this action lies against him. If he touched her at all, with the intention of preventing her from picking cherries while she was standing on the premises or fence of Dr. Hoffman, although they were upon the limbs overhanging his yard, then this action lies against him, and the verdict should be for the plaintiff. To this there was an exception, and request to charge differently, which was refused.

The case shows that the plaintiff was the sister of Dr. Hoffman, living with and a member of his family; and that she was requested by the doctor to pick the cherries. The only question for our decision is, whether the doctrine of the charge as above stated, presented a correct view of the law on that subject.

The strong current of authority shows that the mere fact

Hoffman v. Armstrong.

of the boughs or limbs of a tree planted upon the land of one man, extending to or overhanging the land of an adjoining owner, does not give the latter any right or title to any part of the tree, or to the overhanging branches, or the fruit growing thereon. To this effect are *Waterman* v. *Soper*, (1 *Raymond's R.* 737,) as explained and applied by Bissell, J. in *Lyman* v. *Hale*, (11 *Conn. R.* 177, 182, 183;) *Dubois* v. *Beaver*, (25 *N. Y. Rep.* 123,) *Master* v. *Pollie*, (2 *Rolle's R.* 141,) and many others which might be referred to.

It is clear that the legal maxim above stated, and upon which the defendant relies, does not and should not apply to cases of overhanging branches of trees, walls or other fixtures. The title to the fixture at the surface of the land determines that of every thing connected with and which is superincumbent above the surface where the base of the fixture rests.

It seems to be well settled, that where a tree or wall is in the division between two adjacent owners of land, they are owned by the opposite proprietors of the land as tenants in common, in the absence of any agreement to the contrary. There are a few cases and *dicta* holding that where a tree standing wholly upon one man's land and so near the division line between his land and the land of another person as that a part of the roots penetrate into the land of the latter, the respective owners of the land upon both sides of the line are also tenants in common of the tree, its branches and the fruit, if any, thereon, upon the principle that the tree derives a part of its nourishment from the land of each of the adjoining owners. But the weight of authority is clearly the other way, and we think the doctrine should now be regarded as overruled and exploded, upon the ground as well of the insurmountable difficulties in reducing the principle to practice, as is clearly shown by Bissell, J. in *Lyman* v. *Hale*, (*supra*,) as upon the weight of authority.

It is, however, unnecessary to discuss or decide the last two questions, as they are not really in the case. The cherry

tree in question was not in the line between Dr. Hoffman and the defendant, and there was no evidence showing that its roots extended into the defendant's land.

If the branches of the tree which overhung the defendant's land were a nuisance, his remedy was an action for the damages, in which if he succeeded, the nuisance would be abated. (*Aiken & Ketchum* v. *Benedict,* 39 *Barb.* 400.)

We are therefore clearly of the opinion that there was no error in the charge given to the jury, and the judgment should be affirmed.

Ordered accordingly.