SAMUEL TIGARD AND OTHERS, APPELLANTS, V. ANDREW J. MOFFITT AND OTHERS, APPELLEES.

13 565
18 301
13 565
42 257

1. **Injunction:** TRESPASS. In case of a mere trespass, unless the threatened harm will be great, or the loss therefrom irreparable, and such as cannot be recompensed in damages by an acttion at law, an injunction will not be granted to prevent it.

2. ———. Under this rule the petition examined, and *Held* not to state a cause of action for an injunction.

3. ———. Evidence examined and *Held* not sufficient to warrant an injunction.

APPEAL from Saline county. Tried below before WEAVER, J.

*Hastings & McGintie,* for appellants.

*W. H. Morris,* for appellees.

LAKE, CH., J.

This case comes here by appeal from the district court for Saline county. The action was brought by the appellants to have the appellees enjoined in the attempted removal of a church building from the town of Pleasant Hill to Dorchester, in said county.

The case might very properly be disposed of, and the judgment of dismissal entered by the court below affirmed, on the sole ground that no facts which would justify equitable cognizance are stated in the petition. At most, the removal of the house as threatened could be but a mere trespass, for which complete redress is attainable by means of an ordinary action for damages. And it has been said to be an established principle that a court of equity will not lend its aid to restrain by injunction the commission of any act injurious to the complainant, when he has an adequate remedy at law. 3 Wait's Actions and Defenses, 684. Or as stated in *Hart v. The Mayor of Albany,* 3

Paige, 213, the court does not interfere to prevent a mere trespass, unless the complainant has been in the previous undisturbed enjoyment of the property under a claim of right, or where from the irresponsibility of the defendant, or otherwise, the complainant could not obtain relief at law. Such is the rule of equity courts under the common law practice, and it does not appear to have been changed by the provisions of our code of civil procedure relative to injunctions, as will be seen by reference to some of the decisions of the courts of Ohio, from whence our code was derived. It is there held that unless the threatened harm will be great, or the loss therefrom irreparable and such as cannot be recompensed in damages by an action at law, courts will not interfere by injunction to prevent it. *The Commercial Bank of Cincinnati v. Bowman*, 1 Handy, 246. *Mechanics and Traders Bank v. Debolt*, 1 Ohio St., 591.

It is true the petition charges that the threatened injury will be irreparable, and that the "plaintiffs will be left wholly without any remedy at law." This, however, is a conclusion merely, and one that is not justified by anything that is alleged. It is not charged that the defendants were unable to make good any damage which the plaintiffs might sustain if the removal were found to be wrongful. All that is alleged as to the irresponsibility of any one is in these words, viz., that "the said defendants have already caused the beginning of the removal of said building, and the parties engaged therein are irresponsible and unable to make good any loss that may arise." We do not think it was intended by this language to charge that the defendants were irresponsible. Fairly construed, it seems to import, not that the defendants were engaged personally in the work of removal, but simply that they had "caused" other persons to undertake it for them, and that these latter were the ones who were irresponsible.

But even if this language be considered sufficiently com-

prehensive to include the defendants also, then we have only to go to the evidence to find another and insurmountable objection to the plaintiff's claim to equitable relief. The fact of irresponsibility, if alleged against the defendants, is denied, and not only denied but also shown affirmatively and beyond any question to be untrue. Besides, it was very clearly shown on the trial that the building was the property of the Methodist Episcopal Church of the United States of America, and subject to the control of said church, as determined under its usage and discipline by a conference of the particular circuit in which it was situated. That at the regular quarterly conference of the Dorchester circuit, the one having authority in the matter, held on the 3d day of July, 1880, it was duly ordered that said building then " located at Pleasant Hill," be moved "to Dorchester, of said county and state." And it was under and in pursuance of this order that the defendants were acting in the attempted removal complained of, while the only interest which the plaintiffs or any of them had, was simply that of individual members of said church organization at Pleasant Hill, or as residents of that place or vicinity, who had made donations to aid the church in the erection of the building. Such being the condition of the case, the judgment was clearly right, and must be affirmed.

JUDGMENT AFFIRMED.