## S. H. BUCKINGHAM v. T. G. ELLIOTT.

TREE ROOTS. *Invasion of well. Nuisance. Action for damages.*

    The owner of a well of water invaded and polluted by underground roots from an ornamental and shade tree on his neighbor's premises may maintain an action for the damages resulting from such nuisance, if, after notice of the injury, the owner of the tree refuses to cut off or otherwise restrain the intruding roots.

APPEAL from the Circuit Court of Monroe County.

HON. J. W. BUCHANAN, Judge.

S. H. Buckingham and T. G. Elliott severally own and reside upon adjoining lots in the city of Aberdeen. The former purchased his house and lot in 1882, the latter bought his in 1884. There are growing upon Elliott's lot two white mulberry trees, which were planted long anterior to his or Buckingham's purchase.

These trees are situated, one twenty feet and the other seventeen feet from the dividing line between Elliott and Buckingham. On Buckingham's lot there is a well of water three feet from the boundary line between his and Elliott's lots, twenty feet distant from one of the mulberry trees, and twenty-three feet from the other. The water of this well was used by Buckingham for domestic purposes until some time after Elliott's purchase of his lot, when the roots from the mulberry trees, growing below the surface of the ground, crossed the dividing line between the lots, invaded Buckingham's premises, penetrated his well, polluted the water, and rendered it unfit for domestic uses. Buckingham then notified Elliott of this invasion and injury of his well, and requested the latter to cut down the trees or permit him to cut them down. This request Elliott refused. The white mulberry is a valuable ornamental shade tree, quite common in Aberdeen.

Upon the refusal of Elliott to permit his mulberry trees to be cut down, Buckingham instituted this action before a justice of the peace, claiming of Elliott one hundred and fifty dollars for the damage to the plaintiff's well by the roots of the defendant's trees. The justice of the peace gave a judgment in favor of the plaintiff for twenty-five dollars. The defendant appealed to the circuit court, where the case was tried by the judge, a jury being waived, who rendered a judgment in favor of the defendant on the ground that the plaintiff has no cause of action; and thereupon the plaintiff appealed to this court.

*G. C. Paine,* for the appellant.

If appellee used and enjoyed his mulberry trees so as to violate the rights of appellant in an essential degree, he committed a nuisance and was liable to an action for damages at the suit of appellant. See Wood on Nuisances, § 1, p. 2, and notes. While it is true appellee has the right to the *reasonable* use and enjoyment of his property, yet this *reasonable* use and enjoyment of his property *must not* prejudicially affect the *rights* of others.

By reference to §§ 106–7 of Wood on Nuisances we are told that any erection upon the land of another, as well as any tree whose branches thus project doing actual damage, or anything that

interferes with the rights of an adjoining owner, is an actionable nuisance. In § 108, Ib., we are told that to the extent to which branches of trees overhang the adjoining land they are technically nuisances, and the person over whose land they extend may cut them off or have his action for damages. See § 108 and notes. If the above doctrine be the law, then if the branches of appellee's trees had overhung appellant's land the appellant could have either cut the branches off to the extent they overhung his property, or could have sued for damages if any were occasioned. The roots of the trees are as much a part of it as the branches. The roots from the trees in consideration, although they were in the soil of appellant, yet they belonged to appellee. See 22 E. C. Report 264. Then if appellant could have had damages for the over-hanging of his land by the branches of the trees of appellee, and if the roots of the trees belonged to appellee, and appellee had knowledge that the roots were interfering with and damaging the property of appellant, it does seem to counsel for appellant that by no process of ratiocination can any other conclusion be reached than that appellant's *rights have been* violated, the use and enjoyment of his property rendered *essentially* uncomfortable and *injured* and *damaged*, thereby giving him the right to his action for damages.

In § 832 of Wood on Nuisances we are told that he who uses a nuisance, having knowledge of its injurious effects, after notice and request to remove it, is as guilty as he who erected it.

*Sykes & Bristow,* for the appellee.

It is a well-settled principle that every one has a right to the reasonable enjoyment of his property, and so long as the use to which he devotes it violates no rights of others, however much damage they may sustain therefrom, his use is lawful, and the damage done is of a character for which there is no legal redress. *Thurston* v. *Hancock,* 12 Mass. 220 ; *La Salle* v. *Holbrook,* 4 Paige 167 ; Woods on Nuisances, § 2 ; *McCutcheon* v. *Blanton,* 59 Miss. 117 ; *Green* v. *Lake,* 54 Miss. 540.

The white mulberry is a valuable ornamental shade tree, found growing upon the premises at the time they were purchased by

appellee, and it is not strange that appellee should decline to cut them down or permit it to be done.

Until the respective values of the trees and the well are shown, it is not unfair to assume that the *trees and the shade* are worth more to the *appellee* than a *well* to the *appellant,* and the law will not go into any very nice calculation as to the respective values and decide the fate of trees or well according as the values fluctuate. One man's property will not be destroyed for the benefit of another unless some *legal right* of the latter has been violated. The trees complained of are not poisonous, destructive of health, or otherwise pernicious. If they were they would be necessarily liable to abatement as a nuisance.

But the contrary is the fact. It is agreed that they are "*valuable and ornamental shade trees,*" common over the town of Aberdeen, and as shade trees, naturally and necessarily in this semi-tropical climate, conducive to public as well as individual health and comfort. *Green* v. *Lake, supra.*

The *appellee* could not legally go upon or dig into the soil of appellant to grub up the roots. He would be guilty of a trespass every time he did so.

When the roots invaded appellant's soil they became a part of it, and it was his duty to protect his own property and not contribute to the damage by his own negligence and non action. *Panton* v. *Holland,* 17 Johns. 98; Shearman & Redfield on Negl., § 496; Shearman & Redfield, §§ 34, 335.

"Plaintiff, a brewer, drew his water supply from a well on the premises. On the adjoining premises was a well. By drawing water from one well the level of the other was lowered, but the connection between the wells was entirely natural. Defendant used his well as a cesspit, whereby the water in plaintiff's well became polluted. He sued for an injunction and damages. *Held,* that no cause of action was in plaintiff." *Ballard* v. *Tomlinson,* Engl. Chancery Division Reports, July 9, 1884; cited in American Law Review of September–October, 1884, p. 923.

CAMPBELL, C. J., delivered the opinion of the court.

· We are not able to draw a distinction between the roots of a tree which extend into a neighbor's land and overhanging branches. Undoubtedly, if the branches of a noxious tree extend over the land of another and do injury, the owner of the tree may be held responsible for the damage done. To this effect are all the authorities. In *Countryman* v. *Lighthill,* 31 N. Y. S. C. Rep. (24 Hun.) 405, it is said: "The overhanging branches of a tree not poisonous or noxious in its nature are not a nuisance *per se* in such a sense as to sustain an action for damages." It was further said that the action was without precedent and upon principle not to be sustained, because, to constitute a cause of action for a nuisance, "there must be not merely a nominal but such a sensible and real damage as a sensible person, if subjected to it, would find injurious," etc. Said the court in that case: "It would be intolerable to give an action in the case of an innoxious tree whenever its growing branches extend so far as to pass beyond the boundary line and overhang a neighbor's soil. The neighbor has a remedy in such case by clipping the overhanging branches." The action was denied in that case as groundless and vexatious, because it did not appear that any sensible injury had been done by the overhanging branches, but it was not denied that an action could be sustained where a sensible injury had resulted. In *Hoffman* v. *Armstrong,* 46 Barb. 337, it was said, "If the branches of the tree which overhung the defendant's land were a nuisance, his remedy was an action for the damages." In Cooley on Torts 567, it is said: "It is a nuisance if the branches of one's tree extend over the premises of another, and the latter may abate it by sawing them off. The same rule applies here as in trespass: the insignificance of the injury goes to the extent of the recovery, and not to the right of action."

It is laid down by Wood on Nuisances, § 112, that the person injured by overhanging branches may abate the nuisance by cutting them off or may have his action for damages. Wherever one's rights are invaded he must have an action for redress, and "the insignificance of the injury goes to the extent of the recovery, and not to the right of action." This is the view of this court,

announced in *Henry* v. *Shepherd*, 52 Miss. 125.   Sections 2370 and 2376 of the code are designed to afford protection against malicious and trivial actions.

It seems to be settled law that overhanging branches are a nuisance, and it must follow that invading roots are.   The person intruded on by branches may cut them off; it must be true that one may cut off invading roots; it must be true that he who is injured by encroaching roots from his neighbor's tree can recover the damages sustained from them.   The right of action seems clear.

In determining how much the person injured shall recover, it may be proper to consider the means of protection in his own hands against the injury complained of.   It is an admitted fact in this case that the roots of the mulberry trees destroyed the well. That proves the noxious character of the trees.   The trees were planted by a former owner, but the appellee has no right to maintain and continue a nuisance after notice of its character and the injury done by it.   True, he has as much right to shade and ornamental trees as his neighbor has to his well of unpolluted water; but if in the enjoyment of his right he invades his neighbor's, he is answerable for it.   The trees and their roots are his; he must so restrain his roots as not to work injury to his neighbor; he can enjoy the full advantage of his trees, as we suppose, without permitting them to damage his neighbor; he is not required to destroy them, but only to prevent them from encroaching injuriously upon others.   This he is required to do upon the principle embodied in the fundamental maxim, " So use your own as not to hurt another."

*Reversed and remanded.*