JUDGMENT ACCORDINGLY.

THE other judges concur.

---

GEORGE W. SAPP, APPELLEE, v. MOSES ROBERTS, APPELLANT.

1. **Injunction.** Equity will interfere by injunction to prevent the destruction of an osage hedge fence by a stranger to the inheritance, as being such an injury to the realty as cannot be fully compensated by damages for the trespass.

2. **Trial.** Questions of fact and upon conflicting testimony are for the trial court to decide, and its decision will not be molested by the appellate court, unless clearly wrong.

APPEAL from the district court of Johnson county. Heard below before BROADY, J.

*T. Appleget & Son*, for appellant.

Injunction will not be granted where the parties are in dispute concerning their legal rights until the right is established at law. *Mammouth, etc., Appeal*, 54 Pa. St., 183. *Minnig's Appeal*, 82 Pa. St., 373. *Corning v. Troy, etc.*,

40 N. Y., 191–207.    The injury being completed, injunction will not lie.    *Davis v. Londgreen*, 8 Neb., 47.    *Coker v. Simpson*, 7 Cal., 340.    And if the trespass be temporary or fugitive there is no ground for the granting of an injunction.    *Minnig's Appeal*, 82 Penn. St., 373.    *James v. Dixon*, 20 Mo., 79.    *Hodgman v. Richards*, 45 N. H., 28.    And where it does not appear that future waste is threatened the relief will be withheld.    *Watson v. Hunter*, 5 Johns Ch., 169.    And has not the plaintiff a statutory remedy for the injury complained of?    See Comp. Statutes, page 48, §§ 11 and 17.    If so, he is confined to the remedy provided by statute.    *Hopkins v. Keller*, 16 Neb., 571.

*Pinero & Chapman*, for appellee.

Against the various authorities quoted by appellant, we interpose the case of *Grant v. Crow*, 47 Iowa, page 632, as laying down the present modern doctrine of injunction as a relief against trespassers.    The appellant claiming to be a tenant in common in said hedge, gives the appellee the right to go into a court of equity to restrain appellant from committing waste.    2 American Dec., 625.    18 American Dec., 350.    1 Johns. Chan., 11.    Civil Code, § 633.    High Injunc., § 428.    Freeman Co-tenantry, §§ 97, 323.

REESE, J.

An injunction was issued by the district court for the purpose of restraining defendant from cutting down a line of osage hedge fence between the farms of plaintiff and defendant.    Upon final trial the district court found in favor of plaintiff generally, upon the facts, and rendered a decree making the injunction perpetual.    Defendant appeals to this court.

The first question presented for decision is, whether or

not the plaintiff would be entitled to an injunction in the absence of proof of the insolvency of defendant, were it conceded that plaintiff was the owner of the hedge and that defendant was destroying it, there being a remedy for the damages.

We consider the rule well established as stated in *Tigard v. Moffitt*, 13 Neb., 565, that a court of equity will not interfere to prevent a mere trespass unless in cases where the plaintiff cannot obtain adequate relief at law. This rule being conceded, it remains to enquire whether or not an adequate remedy at law does exist for an injury of the kind spoken of.

Without entering into a discussion of the authorities at length, we will dispose of this question by saying that it now appears to be well settled that where the trees or shrubbery standing and growing on real estate are either fruit or ornamental trees, or shrubbery, injunction may be resorted to for the purpose of restraining their destruction. As said in High on Injunctions, second edition, § 724: Where "the trespass consists in the cutting of timber upon complainant's lands, going to the destruction of that which is essential to the value of the estate, and to the destruction of the estate itself in the character in which it has been enjoyed, a fitting case is presented for relief by injunction." See also *Fulton v. Harman*, 44 Md., 251.

A distinction seems to be clearly marked between what is known as waste by the destruction of timber which is valuable only as it is prepared for sale or use as lumber, wood, etc., and what is known as equitable waste or the destruction of such growth as was valuable only when standing and growing upon the land, such as ornamental trees and shrubbery, hedges, screens, young timber, and the like. 3d Wait's Actions and Defenses, 697, and cases there cited. An osage hedge fence is without value except as it is standing and answering the use for which it was intended. Its destruction would be of manifest injury

to the inheritance.    2d Story's Eq. Jur., § 915.    The destruction of such property as a prudent man would not destroy in the management of his own affairs.    *Turner v. Wright*, 2 De G., F. and J., 234.    It is clear that in cases of this kind there is no adequate remedy at law.    All persons are entitled to protection in the use, integrity, and value of their property, and where courts of law cannot give such protection by reason of the inability of plaintiff to prove his damages, equity will interfere.    3 Wait's Act. and Def., 700 and 701, and cases cited.

Another, and what must have been a far more difficult question for the trial court, is the question of fact involved in this case, both as to the ownership of, or rather the right of dominion over, the property and as to whether or not there was any actual injury to the hedge, it being claimed by defendant that the cutting was necessary for the development of the hedge as a fence.    Upon these questions there was a marked and sharp conflict of testimony.    But these questions of fact were decided by the trial court, and with that decision supported as it is by quite an amount of testimony which is unimpeached, save by the contradicting testimony of defendant and his witnesses, we must be content.

The decree of the district court is therefore affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.