GRIEFIELD v. GIBRALTAR FIRE & MARINE INS. CO.

(In Banc. Jan. 14, 1946. Suggestion of Error Overruled Feb. 25, 1946.)

[24 So. (2d) 356. No. 35881.]

176

**Vollor & Teller,** of Vicksburg, for appellant.

**Culkin, Laughlin & Thames,** of Vicksburg, for appellee.

**Sydney Smith, C. J.,** delivered the opinion of the court.

This action was begun by the appellee in a county court and was there tried by agreement by the judge without a jury, resulting in a judgment for the appellant, but which was reversed by the circuit court and a judgment was there rendered for the appellee. The case was tried in the county court on an agreed statement of facts, which the Reporter will set out in full.

The test of the appellant's liability vel non is whether the tree from which this limb overhung the land of the appellee's assignors was of natural growth or had been planted by the appellant or a former possessor of her land. If the latter is the case, liability appears, 4 Rest., Torts, Sec. 839; Buckingham v. Elliott, 62 Miss. 296, 52 Am. Rep. 188; but if the former is the case the appellant is not liable, 4 Rest., Torts, Sec. 840, Comment (a). The former is the case here, for there is nothing in the agreed statement of facts to indicate that the oak tree was not of natural growth.

The broad language of the opinion in Buckingham v. Elliott, supra, if given effect, would sustain the judgment

of the circuit court, but when the authority of that opinion is limited, as it should be, to the issue then before the court, it will be seen that the judgment there rendered is not in conflict with the rule announced in 4 Rest., Torts, Sec. 840, for the trees there, the roots of which caused the plaintiff's damage, were not of natural growth but had been planted on the defendant's land. The appellant was under no obligation to the appellee's assignors to remove the limb of the tree which overhung their land, her gratuitous promise so to do was not binding on her, but the appellee's assignors had the right at all times to themselves remove so much of the limb as overhung their land. 1 Am. Jur., Adjoining Landowners, sec. 56.

The judgment of the circuit court will be reversed and the judgment of the county court will be affirmed.