Action by Gibraltar Fire Marine Insurance Company against Angelina M. Griefield to recover amount which plaintiff was compelled to pay to its insureds for damages to insureds' house from overhanging limb of tree growing on defendant's land. From a judgment of the circuit court reversing a judgment of the county court in favor of defendant, the defendant appeals. Judgment of circuit court reversed and judgment of county court affirmed.
Agreed Statement of Facts
(1) That the plaintiff, the Gibraltar Fire Marine Insurance Company, is the assignee of Lillian Wahl and Vincent Stokes, clothed with full power and authority to bring the said suit in its name, as said assignee; that the said plaintiff paid the amount of the loss involved in this cause to the said Lillian Wahl and Vincent Stokes, and as their assignee, stands in their shoes, with full and complete power and authority to assert any claim or cause of action that the said Lillian Wahl and Vincent Stokes may have against the said defendant.
(2) That, on May 14, 1942, and for a long time prior thereto, the said Lillian Wahl and Vincent Stokes were the owners in fee simple of part of lot 7, square 7, of the Vicksburg Wharf Land Company's Resurvey, particularly described in Deed Book 206, at page 241, of the Record of Deeds in the office of the Chancery Clerk of Warren County, Mississippi; that this said lot is on the South side of Dabney Avenue, in said City of Vicksburg, *Page 177 
Mississippi, and situated thereon is a dwelling occupied by the said Lillian Wahl and Vincent Stokes as a home; that the said defendant, Mrs. Angelina M. Griefield, is the owner in fee simple of the lot adjoining the said lot of the said Lillian Wahl and Vincent Stokes, to the west thereof, the said Griefield not being lot 5, of square 7, of the Vicksburg Wharf Land Company's Resurvey, particularly described in Deed Book 188, at page 309, of the Record of Deeds in the office of the Chancery Clerk of Warren County, Mississippi; that the respective parties have been the owners of the respective lots for a long period of time.
(3) That, on the Wahl-Stokes lot, there is situated a dwelling house which is occupied as a home by the said Lillian Wahl and Vincent Stokes, as aforesaid; that the said Griefield lot is vacant, but, growing near the boundary line of the Wahl-Stokes-Griefield division line, was a large oak tree which had been growing on said lot for many years; even prior to the acquisition of said lot by said Griefield; that a very large limb of the said tree extended over the Wahl-Stokes property line, and over and across the roof of the said dwelling house situated thereon.
(4) That, on January 24, 1939, the said Lillian Wahl wrote the said defendant the following letter, with the answer thereto written on the bottom thereof:
"Vicksburg, Mississippi "January 24, 1939.
"Mrs. Angelina M. Garfield, "3013 Drummond Street, "Vicksburg, Mississippi.
"Dear Mrs. Garfield:
"I own a house and lot on Dabney Avenue which adjoins a vacant lot which I understand is owned by you. There is a large tree on your lot which drags back and forth over the roof of my house. The roof is practically new and will soon be damaged by the limbs from the tree if they are not trimmed. I am wondering whether you would be willing to have the limbs trimmed so that they *Page 178 
will not damage the roof. It would certainly be appreciated by me.
"Very truly yours,
"(Signed) Lillian Wahl
"Address: "(Miss) Lillian Wahl. "2122 Washington Street, "Vicksburg, Miss. "Dear Miss Wahl:
"Will have the above taken care of within the next few days.
"(Signed) E.V. Griefield."
That nothing was ever done by either party with reference to the subject matter of the letter; that the said limb continued to extend over the property line, and over the said dwelling as aforesaid. That this condition prevailed until and including the time of the damage herein complained of.
(5) That, on the night of May 14, 1942, there occurred in the City of Vicksburg, Warren County, Mississippi, a very severe and destructive windstorm, which did severe damage to the property in said community. That, on said night, at about 7 p.m. and during the storm aforesaid, the said large limb extending over the property line of the said Wahl-Stokes lot, as aforesaid, and over the said dwelling house situated thereon, was blown or broke away from the main part of the tree, and crashed down on to the roof of the said dwelling, greatly damaging same; that the amount of the damage done to the said dwelling was $264.20; that, before the said large limb of said oak tree was moved off of the said Wahl-Stokes dwelling house, pictures showing the position of said limb, tree and dwelling, were taken and same are attached hereto and made a part hereof by reference. That the windstorm aforementioned was severe and destructive, and blew down quite a few trees in Vicksburg and vicinity. *Page 179 
(6) That D.A. Reynolds, a tree surgeon, was employed to remove the said limb from the said Wahl-Stokes dwelling; that, thereafter, he was employed by the said defendant to cut down and remove the said tree from the said Griefield lot; that, after an examination of the tree, its limbs and branches, the said D.A. Reynolds is of the opinion the said tree, its limbers and branches, was solid and sound, in all particulars, and in all respects.
(7) It is further agreed and stipulated that both parties hereto waive a jury, and submit this cause for decision to the Honorable C.W. Thigpen, Judge of the County Court, of Warren County, Mississippi; that said cause shall be heard and determined in vacation, upon a date to be agreeable to both parties, and to the said Court.
This action was begun by the appellee in a county court and was there tried by agreement by the judge without a jury, resulting in a judgment for the appellant, but which was reversed by the circuit court and a judgment was there rendered for the appellee. The case was tried in the county court on an agreed statement of facts, which the Reporter will set out in full.
The test of the appellant's liability vel non is whether the tree from which this limb overhung the land of the appellee's assignors was of natural growth or had been planted by the appellant or a former possessor of her land. If the latter is the case, liability appears, 4 Rest., Torts, Sec. 839; Buckingham v. Elliott, 62 Miss. 296, 52 Am. Rep. 188; but if the former is the case the appellant is not liable, 4 Rest., Torts, Sec. 840, Comment (a). The former is the case here, for there is nothing in the agreed statement of facts to indicate that the oak tree was not of natural growth.
The broad language of the opinion in Buckingham v. Elliott, supra, if given effect, would sustain the judgment *Page 181 
of the circuit court, but when the authority of that opinion is limited, as it should be, to the issue then before the court, it will be seen that the judgment there rendered is not in conflict with the rule announced in 4 Rest., Torts, Sec. 840, for the trees there, the roots of which caused the plaintiff's damage, were not of natural growth but had been planted on the defendant's land. The appellant was under no obligation to the appellee's assignors to remove the limb of the tree which overhung their land, her gratuitous promise so to do was not binding on her, but the appellee's assignors had the right at all times to themselves remove so much of the limb as overhung their land. 1 Am. Jur., Adjoining Landowners, sec. 56.
The judgment of the circuit court will be reversed and the judgment of the county court will be affirmed.