700 P.2d 502

**Joan CANNON, Plaintiff/Appellant,**

v.

**Lamar DUNN, Defendant/Appellee.**

**No. 2 CA–CIV 5240.**

Court of Appeals of Arizona, Division 2, Department A.

March 28, 1985.

Lesher & Borodkin, P.C. by Robert O. Lesher, Tucson, for plaintiff/appellant.

Murphy, Clausen, Goering, Roberts & Holt by R. Douglas Holt, Tucson, for defendant/appellee.

OPINION

HOWARD, Judge.

This case involves the liability of an adjoining landowner for roots from a eucalyptus tree which invaded the subsurface of his neighbor's land. The trial court, sitting without a jury, and on the basis of conflicting evidence, found that the roots had caused no actual damage. It denied an award of any damages and refused to grant injunctive relief by ordering the appellee to remove the offending roots and tree. Appellant contends the trial court erred in not granting the injunctive relief. We do not agree and we affirm.

Appellant urges us to adopt the view found in Restatement (Second) of Torts § 158 (1965), which states:

"One is subject to liability to another for trespass, *irrespective of whether he thereby causes harm* to any legally protected interest of the other, if he intentionally

(a) enters land in the possession of the other, or causes a thing or third person to do so, or

(b) remains on the land, or

(c) fails to remove from the land a thing which he is under a duty to remove." (Emphasis added)

Under the foregoing section a defendant would be liable irrespective of whether any actual harm was done to the plaintiff's land. Citing the case of *Waddell v. White,* 56 Ariz. 525, 109 P.2d 843 (1941), appellant contends that since Arizona has no applicable case law on the subject we must follow Restatement (Second) of Torts § 158 and reverse the decision of the trial court. We do not agree. It is true that our supreme court has stated on numerous occasions that in the absence of prior decisions to the contrary, this state will follow the Restatement whenever applicable. See *Porter v. Porter,* 101 Ariz. 131, 416 P.2d 564 (1966). However, it is also true that we do not follow the Restatement rule blindly. See *Small v. Ellis,* 90 Ariz. 194, 367 P.2d 234 (1961).

One of the reasons, if not the main reason that we follow the Restatement in the absence of prior Arizona decisions, is that the Restatement is supposed to represent the general law on the subject in the United States. If § 158 is applicable to our fact situation here, and we have grave doubts whether it is, it certainly does not represent the general law on liability of the adjoining landowner for roots of trees spreading into the subsurface of his neighbor's land. Our doubts about the applicability of § 158 to the situation here arise from the language in § 158(c) which talks about failing to remove from the land something which appellee is *under a duty* to remove. It seems obvious that one must first determine whether there is a duty to remove the object and that in this case § 158(c) really begs the question.

More on point is the Restatement (Second) of Torts § 840 (1979). This section deals with nuisances and the failure to abate a harmful natural condition of the land. It provides that a possessor of land is not liable to his adjoining landowner for a nuisance resulting solely from a natural condition of the land. Illustration 4 is especially appropriate to the facts of this case:

"4. A purchases and takes possession of land on which have been planted a number of eucalyptus trees near the boundary line of B's land. The roots of the eucalyptus trees grow into B's land, with the result that walnut trees growing thereon are stunted and otherwise damaged. Although A knows of this, he does not cut down the eucalyptus trees. A is subject to the rule stated in § 839 [he is subject to liability for a nuisance], since the eucalyptus trees are not a natural condition." Restatement (Second) of Torts § 840(1), Comment *a,* illustration 4 (1979).

We note that in Illustration 4 the eucalyptus roots were actually causing damage to the neighbor's land.

A landowner who sustains injury by the branches or roots of a tree or plant on adjoining land intruding into his domain, regardless of their non-poisonous character may, without notice, cut off the offending branches or roots at his property line. *Rosa v. Oliveira,* 115 R.I. 277, 342 A.2d 601 (1975); *McCrann v. Town Planning & Zoning Commission of Town of Bloomfield,* 161 Conn. 65, 282 A.2d 900 (1971); *Drummond v. Franck,* 252 Ala. 474, 41 So.2d 268 (1949); *Jurgens v. Wiese,* 151 Neb. 549, 38 N.W.2d 261 (1949); *Griefield v. Gibraltar Fire & Marine Insurance Company,* 199 Miss. 175, 24 So.2d 356 (1946); *Michalson v. Nutting,* 275 Mass. 232, 175 N.E. 490 (1931); *Gostina v. Ryland,* 116 Wash. 228, 199 P. 298 (1921); *Hickey v. Michigan Central Railroad Company,* 96 Mich. 498, 55 N.W. 989

(1893); *Whitesell v. Houlton,* 2 Hawaii App. 365, 632 P.2d 1077 (1981); *Ogle v. Trotter,* 495 S.W.2d 558 (Tenn.App.1973); *Ferrara v. Metz,* 49 Misc.2d 531, 267 N.Y. S.2d 823 (Sup.Ct.1966); *Bonde v. Bishop,* 112 Cal.App.2d 1, 245 P.2d 617 (1952).

When some actual and sensible or substantial damage has been sustained, the injured landowner may maintain an action for the abatement of the nuisance. *Mead v. Vincent,* 199 Okla. 508, 187 P.2d 994 (1947); *Gostina v. Ryland,* supra; *Fick v. Nilson,* 98 Cal.App.2d 683, 220 P.2d 752 (1950); *Luke v. Scott,* 98 Ind.App. 15, 187 N.E. 63 (1933); However, where no injury has been sustained, no action may be had for the abatement of the nuisance. *Grandona v. Lovdal,* 70 Cal. 161, 11 P. 623 (1886); *Adams v. Hahne,* 59 Misc.2d 827, 300 N.Y.S.2d 420 (Sup.Ct.1969). Nor may an action be had for damages in the absence of any injury. *Grandona v. Lovdal, supra.*

In *Smith v. Holt,* 174 Va. 213, 5 S.E.2d 492 (1939), the court stated:

> "... [W]hen it appears that a sensible injury has been inflicted by the protrusion of roots from a noxious tree or plant under the land of another, he has, after notice, a right of action at law for the trespass committed.
>
> But when it appears that the roots and branches of privet hedge, which is not noxious in its nature, protrude on adjoining land, and that no 'sensible injury' has been inflicted, it is our opinion that the complainant is not entitled to pursue his remedy in a court of equity, but is bound by the rule prevailing at common law and must bear the burden of protecting himself from protruding roots which emanate from a hedge growing upon the land of an adjoining owner." 5 S.E.2d at 495.

We agree with the Virginia court in *Smith v. Holt,* supra. However, we hold that not only does the landowner upon whom a sensible injury has been inflicted by the protrusion of the roots of a noxious tree or plant have the right to an action at law in trespass, but he also can bring an action for injunctive relief to abate the nuisance.[1]

Affirmed.

BIRDSALL, P.J., and FERNANDEZ, J., concur.

1. On the rights and remedies in the case of encroachment of trees, shrubbery or other vegetation across the boundary line, see Annot. 128 A.L.R. 1221 et seq., supplementing 18 A.L.R. 665 and 76 A.L.R. 1111. See also a discussion of the problem and the various rules in *Sterling v. Weinstein,* 75 A.2d 144 (D.C.Mun.App.1950); see also *Witesell v. Houlton,* supra.