790 P.2d 279

**The MARICOPA PARTNERSHIPS, INC., an Arizona corporation, Plaintiff/Appellee,**

v.

**Edward PETYAK and Jane Doe Petyak, Defendants/Appellants.**

No. 2 CA–CV 89–0122.

Court of Appeals of Arizona, Division 2, Department A.

Dec. 19, 1989.

Review Denied May 1, 1990.*

Winston & Strawn by M. Robert Dauber and Daniel Maynard, Phoenix, for plaintiff/appellee.

Craig Mehrens, P.A. by Craig Mehrens and Amy Wilemon, Paul G. Ulrich, Phoenix, for defendants/appellants.

OPINION

HATHAWAY, Judge.

Edward and Jane Doe Petyak (appellants) appeal from a judgment in the amount of $29,800 entered in favor of The Maricopa Partnerships, Inc., (appellee) following a jury verdict. The sole issue on appeal is whether the trial court's instruction on the agency theory was an incorrect statement of the law constituting reversible error. Because we conclude that it was, we reverse and remand.

FACTS

Appellant Edward Petyak, an American Airlines pilot, was also engaged in importing and reselling luxury cars. He met with appellee in the spring of 1985. Following a discussion of specifications, they orally agreed that appellant would locate and import a new Jaguar automobile for appellee. On June 4, 1985, appellee gave appellant a $2,500 check as a downpayment. The vehicle was to be imported from Europe and delivered to appellee after completion of modifications to meet U.S. regulations.

There were delays in importing the Jaguar over a six-month period of time. Appellant advised appellee of the problems and indicated it might be another three to four months before the Jaguar would arrive, if at all.

Appellant apparently advised that he had seen newspaper ads in Dallas showing Jag-

* Gordon, C.J., of the Supreme Court, was not present and did not participate in the determination of this matter.

uars available at similar prices. It is disputed whether appellee or appellant initially suggested pursuing the Dallas ads instead of waiting to import directly from Europe. It is undisputed that appellant agreed to look into the Dallas ads on behalf of appellee.

Appellant visited the Dallas dealership, Gerimco, and found a vehicle meeting appellee's specifications. He telephoned appellee from the dealership and negotiated the price and modifications between appellee and the dealer over the phone. It was agreed at that time that the purchase price would be $29,800, including modifications. Appellee and appellant agreed that Gerimco would ship the car to appellee in Phoenix. Appellant agreed to write his personal check for the purchase price and within several days appellee delivered a check to appellant for the purchase price, less the $2,500 deposit already paid. No profit to appellant was contemplated under these terms.

Appellant's cancelled check to Gerimco for $29,800 was admitted in evidence. Appellee's testimony both on direct and cross-examination was that the dealer, Gerimco, not appellant, was to deliver the car to Phoenix. The Jaguar never arrived in Phoenix. Upon inquiry, appellant learned that the dealer absconded with the money and the Texas bank which held the lien on the Jaguar repossessed it. Appellee demanded a refund of the purchase price which appellant refused to pay. Appellee then filed suit and following a three-day trial, the case went to the jury on two theories. Under the first theory, appellee alleged breach of a sales contract. Under the second, appellee alleged that appellant breached an agency agreement. The jury was instructed on both theories. On the agency issue, the court instructed:

> In deciding that issue, you must decide the extent of the agent's duties to the principal as determined by the terms of the agreement between the parties, interpreted in the light of the circumstances under which it was made. The plaintiff has the burden of proving the terms of the agency agreement.

> If the agent fails to accomplish what he agreed to achieve, there is a breach [of] contractual duty and the agent is liable to the principal for actual damages caused by the breach.

> You are to determine the terms of the agency agreement if you find the parties had a relationship of principal and agent.

During the settling of jury instructions, appellant's counsel objected to the refusal to give an instruction stating that before the jury could find breach of an agency agreement it would have to find that the agent failed to exercise reasonable care and skill in carrying out his duties. Following deliberation, the jury returned a general verdict in favor of appellee, finding damages of $29,800.

## JURY INSTRUCTIONS

Appellants argue that the trial court erroneously instructed the jury on the law of agency. On review, we will consider as a whole the jury instructions given to determine whether the challenged instruction misled the jury as to the proper rule of law. *Evans v. Pickett,* 102 Ariz. 393, 430 P.2d 413 (1967); *Catchings v. City of Glendale,* 154 Ariz. 420, 743 P.2d 400 (App.1987); *Kuhnke v. Textron, Inc.,* 140 Ariz. 587, 684 P.2d 159 (App.1984). They contend the instructions given resulted in strict liability if the jury found any breach, regardless of the circumstances. Under the instructions given, they reason that the jury would have to find against appellants on an agency theory if it found appellee did not receive the Jaguar (an already agreed fact) because it had no instructions regarding the reasonableness of the performance rendered.

Appellee responds that the trial court simply instructed the jury that appellee had the burden of establishing the existence of the agency contract, a breach by the appellant, and the resulting damages. Further, appellee contends the law does not require proof of the elements of a negligence claim in order to prove a breach of contract claim. Appellee cites Restatement (Second) of Agency, § 379, comment *a,* and § 400 (1958), as support.

In the absence of prior decisions to the contrary, we will follow the Restatement of the Law whenever applicable. *Porter v. Porter*, 101 Ariz. 131, 416 P.2d 564 (1966), cert. den. 386 U.S. 957, 87 S.Ct. 1028, 18 L.Ed.2d 107, reh'g denied 386 U.S. 1027, 87 S.Ct. 1371, 18 L.Ed.2d 472 (1967); *Waddell v. White*, 56 Ariz. 525, 109 P.2d 843 (1941); *Cannon v. Dunn*, 145 Ariz. 115, 700 P.2d 502 (App.1985). Agency is both a consensual and a fiduciary relationship. Restatement (Second) of Agency, Chapter 13, p. 171. This creates a duty upon the agent to act in good faith and according to the terms of the agency agreement. *Wilcox v. St. Croix Labor Union Mut. Homes, Inc.*, 567 F.Supp. 924 (D.V.I.1983). The inherent nature of the agency relationship imposes a fiduciary duty upon the agent to act according to the terms of the agency agreement. We believe that Restatement (Second) of Agency, § 377, Contractual Duties, clarifies the law regarding the present issue before us. This section states that one who makes a contract with another to perform services as an agent for him is subject to a duty to act according to his promise. Comment *a* indicates the agent's liability and defenses for a breach of contract are according to those stated in the Restatement of Contracts and as set forth in the Restatement (Second) of Agency at §§ 399–431. Comment *b* explains that "[u]nder ordinary circumstances, the promised to act as an agent is interpreted as being a promise only to make reasonable efforts to accomplish the directed results. If so interpreted, the promisor is not liable unless he fails to make such efforts as he reasonably can." Restatement (Second) of Agency, p. 174. Therefore, a threshold finding would require the jury to consider whether the agent acted reasonably in executing the duties spelled out in the agency agreement.

Appellee argues that under Restatement (Second) of Agency, § 400 controls and appellant could have asserted any contract defenses excusing his performance, but failed to do so. Appellee contends the jury was properly instructed regarding liability for breach of the agency contract.

We believe that determining whether an agent has violated a duty owed to his principal does not depend upon that agent asserting a contract defense. We note that in the illustrations cited following § 400, each example finds liability only after the agent has *negligently* failed to perform. We read this to mean the agent has a duty to act with reasonable care and skill.

We find the instructions to the jury deficient in not informing the jury that the agent's liability was predicated upon a finding that the agent breached its duty to act with reasonable care and skill. We reverse and remand for further proceedings consistent with this opinion.

Appellants are awarded costs and attorney's fees on appeal upon compliance with Ariz.R.Civ.App.P. 21(c), 17B A.R.S.

ROLL, P.J., and HOWARD, J., concur.