WILSON, J.,
CONCURRING IN PART AND DISSENTING IN PART:
¶14. I agree that there was some evidence to support a finding that Murrell or someone acting on her behalf committed a slight trespass by cutting tree branches on Brown’s property. Murrell “had the right at all times to ... remove so much of the [branches] as overhung [her] land.” Rogers v. Ford, 57 So.3d 681, 683 (¶ 7) (Miss.Ct.App.2011) (quoting Griefield v. Gibralter Fire & Marine Ins., 199 Miss. 175, 181, 24 So.2d 356, 358 (1946)); accord Buckingham v. Elliott, 62 Miss. 296, 300 (1884) (holding that if a tree’s branches “overhang a neighbor’s soil,” “[t]he neighbor has a remedy, in such case by clipping the overhanging branches”). But Murrell’s right to self-help stopped at the property line,[4] and a photograph—entered into evidence as Trial Exhibit 8 and included as an appendix to this opinion—appears to show that the tree was cut beyond the property line by a matter of inches or maybe as much as a couple of feet.
¶15. However, as the majority recognizes, Brown presented absolutely no evidence of the tree’s value or that it was permanently damaged. Ante at (¶ 11). In fact, Brown did not even establish what kind of tree is at issue in this appeal.[5] It *293 was Brown’s burden to prove her damages, and having failed to present any evidence of actual damages, she should not be given another opportunity to do so. “A litigant is entitled to but one bite at the damages apple. ... I know of no law directing that a plaintiff who misses with his first shot at proving damages should be given a second shot.” Whittington v. Whittington, 535 So.2d 573, 588 n. 1 (Miss.1988) (Robertson, J., concurring), maj. op. overruled on other grounds by C & C Trucking Co. v. Smith, 612 So.2d 1092 (Miss.1992). Accordingly, I disagree with the majority’s decision to “remand for a hearing on the damages.” Ante at (¶ 12).
¶16. Because Brown failed to prove any damages, we should simply bring the case to an end by rendering judgment in favor of Brown for nominal damages only. The Supreme Court has held that ten dollars is an appropriate amount. In Whitten v. Cox, 799 So.2d 1 (Miss.2000), the Court reasoned as follows:
[W]here there is a trespass to land, the landowner has a right to at least nominal damages. The jury’s refusal to award nominal damages for the trespass was in error, but since there were no actual damages resulting from the trespass, this error is of little consequence. If this Court reversed and remanded on this issue, [the landowner] could only receive nominal damages. Instead, this error will be cured by this Court reversing and rendering an award of nominal damages without the necessity of remand or retrial. Accordingly, we reverse and render as to the trespass claim only and award [the landowner] nominal damages in the total amount of $10.00 ....
Id. at 18 (¶ 47) (citation omitted); accord Reeves v. Meridian S. Ry. LLC, 61 So.3d 964, 968-69 (¶¶ 22-23) (Miss.Ct.App.2011) (rendering judgment for $10 nominal damages where there was no proof that trespass caused any actual damages); Gaw v. Seldon, 85 So.3d 312, 318 (¶¶ 21-24) (Miss.Ct.App.2012) (same). We should do the same in this case.
¶17. In summary, there was some evidence to support a finding that Murrell exceeded her right to self-help and intruded upon Brown’s property, but Brown presented no evidence to meet her burden of proving that she suffered damages as a result. Having failed to do so, she is not entitled to a second chance to prove compensatory damages. Therefore, rather than remand the case, we should render judgment for nominal damages only. Accordingly, I respectfully concur in part and dissent in part.
GRIFFIS, P.J., JOINS THIS OPINION; CARLTON, J., JOINS THIS OPINION IN PART.
Attachment
Appendix
*294 [[Image here]]

. See, e.g., Melnick v. C.S.X. Corp., 312 Md. 511, 540 A.2d 1133, 1135 (1988) ("With regard to self-help, the landowner is generally limited to cutting back growth to the property line; he may not enter the adjoining landowner’s property to chop down a tree or cut back growth without his neighbor’s consent.”); Lane v. W.J. Curry & Sons, 92 S.W.3d 355, 360 (Tenn.2002) (“The courts uniformly hold that a landowner has a remedy of self-help, meaning that the landowner has the right to cut encroaching branches, roots, and other growth to the property line, but may not enter the adjoining property to chop down the tree or plant or cut back growth without the adjoining properly owner’s consent.”); Alvarez v. Katz, 124 A.3d 839, 844 (Vt.2015) ("It is clear ... that the right to self-help extends only to the property line. Under the self-help remedy, a landowner subject to encroachment may not cross the property line and cut or remove that part of a tree or hedge which has not encroached,”); Brewer v. Dick Lavy Farms LLC, No. 2015-CA-7, — Ohio St.3d -, 2016-Ohio-4577, - N.E.3d -, -, 2016 WL 3461100, at *15 (Oh.Ct.App. June 24, 2016) (Hall, J., concurring) ("[A landowner] may cut, mutilate, decimate, pulverize or obliterate branches or roots which infringe upon her property from a neighbor’s trees or plants. ... What she cannot do is intrude into the neighbor’s property in doing so.”).

. In a post-trial motion, Murrell submitted a report from Donna Beliech, a certified arborist and Area Horticulture Agent for the Missis *293 sippi State University Extension Service. Be-liech stated that “[t]he landscape plant in question is a mature Variegated Wax Leaf Ligustrum, Ligustrum japonicum," which she characterized as a “shrub” rather than a tree. Beliech concluded that there was no permanent damage to the shrub and that, even if it had been destroyed completely, its replacement cost was between $125 and $287,50.