KING, P.J.,
for the court.
¶ 1. Lonnie Hamlin April, as the admin-istratrix of the estate of Benjamin Parrott, sought to have set aside the interests of Vernice McGruder in Parrott’s checking and savings accounts, as having been acquired by undue influence.
¶ 2. The chancery court found no undue influence and Mrs. April has appealed that decision. Mrs. April’s issues, stated verbatim, are:
I. The lower court’s decision is not supported by substantial evidence of record.
II. The lower court misapplied the standard of the law and committed manifest error in rendering the decision below.
¶ 3. Finding no error, we affirm the judgment of the Chancery Court of Madison County.
FACTS
¶ 4. Benjamin Parrott died intestate on August 4, 1999, at the Albermarle Nuring Home (Beverly Healthcare Northwest) in Jackson in Hinds County. At his death, *781 Mr. Parrott was ninety-nine years old. Mr. Parrott left no surviving spouse or children. On August 13, 1999, Mrs. April, a great niece, was appointed administra-trix of Mr. Parrott’s estate.
¶ 5. Mr. Parrott lived on approximately twenty acres of land in Madison County. His assets included approximately $40,000 in checking and savings accounts in Merchants & Farmers Bank.
¶ 6. On May 14, 1999, Mr. Parrott went to Merchants & Farmers Bank and added Vernice McGruder to his checking and savings accounts, as a joint tenant with the right of survivorship. McGruder was not a blood relative, but was the stepdaughter of Parrott’s brother.
¶ 7. Approximately one month after adding McGruder’s name to his accounts, Par-rott fell and was severely injured. Parrott was treated at Madison General Hospital for several days, after which he was transferred to the University of Mississippi Medical Center. He remained there approximately two weeks, until being discharged to Albermarle Nursing Home. Mr. Parrott died on August 4,1999.
¶ 8. On August 13, 1999, Mrs. April was granted letters of administration upon the estate of Benjámin Parrott. The order granting these letters, directed the Merchants & Farmers Bank to freeze Parrott’s accounts pending further order of the court.
¶ 9. On September 27, 1999, Mrs. April petitioned the court to cancel and set aside Parrott’s bank accounts and declare them to be a part of the estate. By order dated December 5, 2000, the chancellor denied April’s requested relief and she has appealed that denial.
STANDARD OF REVIEW
¶ 10. A chancery court’s findings will not be reversed by an appellate court so long as there is substantial evidence supporting the chancery court’s findings. Cooper v. Crabb, 587 So.2d 236, 239 (Miss.1991); Mullins v. Ratcliff, 515 So.2d 1183, 1189 (Miss.1987). Therefore, a court will not disturb the chancery court’s decision unless the chancery court abused its discretion, was manifestly wrong or clearly erroneous, or an erroneous legal standard was applied. McNeil v. Hester, 753 So.2d 1057(¶ 21) (Miss.2000).
DISCUSSION OF LAW
¶ 11. In denying April’s requested relief, the chancellor stated:
That on May 14, 1999 Benjamin Par-rott added Vernice McGruder to his checking account and opened a new account and had Vernice McGruder added creating a joint tenancy with right a survivorship in both accounts at Merchant and Farmer Bank, Canton, MS.
That Vernice McGruder has the burden of showing by clear and convincing evidence that there was no undue influence according to Madden v. Rhodes 626 So.2d 608 (Miss.1993).
That a confidential relationship existed between Mrs. Vernice McGruder and Mr. Benjamin Parrott;
That Mrs. Vernice McGruder acted in good faith at the time of the opening of the bank accounts;
That Benjamin Parrott had full knowledge and deliberation of his action and consequences.
That the decedent Benjamin Parrott acted independent in the setting up of the two accounts and further, that Mrs. Vernice McGruder was not a person with the level of sophistication required to exhibit any type of mental dominance;
That I .further find that Vernice McGruder met her burden by clear and *782 convincing evidence that rebutted the presumption of undue influence.
¶ 12. In reaching this decision, the chancellor accepted as credible the testimony of members of Parrott’s family, who testified that at age ninety-nine, he remained independent, stubborn, private and able to attend to his business affairs without assistance or support.
¶ 13. The chancellor also had before him the testimony of Bonnie Owens of Merchants & Farmers Bank Ms. Owens testified to having waited on Parrott when he came to the bank on May 14, 1999. According to her, Parrott approached her desk alone, while McGruder stayed in the waiting area. Parrott explained what he desired to do with his accounts, she explained to him what the effect of that action would be. Parrott acknowledged that he understood' those things. Ms. Owen stated that after discussing these matters with Parrott, she prepared the necessary paperwork and called McGruder over to sign the signature cards.
¶ 14. The “chancellor, being the only one to hear the testimony of the witnesses and observe their demeanor, is to judge their credibility. He is best able to determine the veracity of their testimony, and this Court will not undermine the chancellor’s authority by replacing his judgment with its own.” Madden v. Rhodes, 626 So.2d 608, 616 (Miss.1993). There was sufficient credible evidence upon which the chancellor could base his decision.
¶ 15. THE JUDGMENT OF THE MADISON COUNTY CHANCERY COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, THOMAS, LEE, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR. IRVING, J., NOT' PARTICIPATING.