878 So.2d 1028 (2004)
William F. MUIRHEAD and Ruby Faye Muirhead, Appellants,
v.
Tracy VAUGHN, Brad Vaughn and Bowman Timber Co., Inc., Appellees.
No. 2002-CA-02034-COA.
Court of Appeals of Mississippi.
May 4, 2004.
Certiorari Denied July 29, 2004.
*1029 David Michael Brisolara, attorney for appellants.
Ronald Stephen Wright, Kevin Ray Null, Ackerman, attorneys for appellees.
EN BANC.

MODIFIED OPINION ON MOTION FOR REHEARING
LEE, J., for the Court.
¶ 1. The Appellees' motion for rehearing is denied. The original opinion is withdrawn, and this opinion is substituted.

PROCEDURAL HISTORY AND FACTS
¶ 2. Appellants William and Ruby Muirhead filed a complaint in the Choctaw County Chancery Court seeking confirmation of title to land and damages for trees they claimed had been cut without their permission. Appellees Tracy and Brad Vaughn had granted co-appellee, Bowman Timber Company, a warranty deed in September 2000, and pursuant to that transfer, Bowman Timber cut trees from land the Muirheads claim belonged to them. Brad Vaughn testified that he had flagged the property. William Muirhead testified that the property had been flagged, but he did not know by whom. However, Mr. Muirhead also testified that, after the timber had been cut down, he reflagged the property, but those flags were later removed.
¶ 3. In their complaint, the Muirheads claimed they presented a 1919 deed to the Vaughns which proved that the supposed grantors of the land to the Vaughns never owned the property; thus, title never passed to the Vaughns. The Muirheads asked for damages pursuant to Mississippi Code Annotated § 95-5-10(Rev.1994), which allows payment for trees cut, plus attorney's fees and expert fees at the court's discretion; and asked the chancellor to remove cloud on the title and to quiet title in them.
¶ 4. The Vaughns answered and also filed a counter-complaint alleging their ownership in the disputed property. Bowman Timber cross-claimed against the Vaughns seeking to be indemnified by the Vaughns in the event ownership of the property was found to be in the Muirheads and damages were awarded. Bowman Timber claimed the Vaughns were solely responsible for damages because Bowman Timber relied on the warranty deed from the Vaughns when they cut the timber from the disputed land.
¶ 5. The Muirheads filed a motion to dismiss the Vaughns's counter-complaint, which the chancellor granted. Bowman Timber and the Vaughns each filed motions to dismiss the Muirheads's complaint, and the chancellor granted the motions to the extent that the Muirheads were given thirty days to make their complaint comply with Mississippi Code Annotated § 11-17-35 (1972) to show deraignment of title or face dismissal without prejudice. The Muirheads filed an amended complaint thereafter within the specified time.
¶ 6. As explained in his opinion, the chancellor reviewed documents and testimony and determined that the Muirheads were the proper owners of the .2 acre parcel of land in dispute. Concerning alleged damages, the chancellor referred to Mississippi Code Annotated § 95-5-10(1)(Rev.1994) and found that although trees had indeed been cut from the Muirheads's property without their permission, the Muirheads failed to present evidence as to the fair market value of the trees or *1030 the costs of reforestation. The chancellor concluded that the trees were all so small that they had no market value; thus, damages were not warranted. The chancellor addressed section (2) of the statute which provides for enhanced or punitive damages if the cutting was done willfully or in reckless disregard for the rights of the owner of such trees. The chancellor found no evidence to suggest that the Vaughns or Bowman Timber knew that the Muirheads claimed the land before the timber was cut; thus, the chancellor declined to award damages pursuant to this section. The chancellor finally addressed section (3) of the statute which provides for recovery of expert witness fees and attorney's fees at the court's discretion. The chancellor declined to make such award, finding that since the Muirheads failed to show entitlement to recovery under sections (1) and (2) of the statute, recovery under section (3) would not be appropriate. The chancellor assessed court costs to the defendants equally.
¶ 7. The Muirheads filed a motion to reconsider the chancellor's failure to award damages, but the chancellor denied the motion. The Muirheads now appeal to this Court arguing the chancellor erred in failing to award damages. As explained herein, we find the chancellor erred, and we reverse and remand for reconsideration of damages and attorney's fees.

DISCUSSION
¶ 8. With their sole issue on appeal, the Muirheads contest the chancellor's ruling wherein he declined to award damages pursuant to Mississippi Code Annotated § 95-5-10. We look to our familiar standard of review:
The findings of a chancellor will not be disturbed or set aside on appeal unless the decision of the trial court is manifestly wrong and not supported by substantial credible evidence or unless an erroneous legal standard was applied. Where there is substantial evidence to support the chancellor's findings, this Court is without the authority to disturb his conclusions, although this Court might have found otherwise as an original matter.
Memphis Hardwood Flooring Co. v. Daniel, 771 So.2d 924(¶ 18) (Miss.2000) (citations omitted).
¶ 9. At the outset, we cite the statute at issue in toto:
(1) If any person shall cut down, deaden, destroy or take away any tree without the consent of the owner of such tree, such person shall pay to the owner of such tree a sum equal to double the fair market value of the tree cut down, deadened, destroyed or taken away, together with the reasonable cost of reforestation, which cost shall not exceed Two Hundred Fifty Dollars ($250.00) per acre. The liability for the damages established in this subsection shall be absolute and unconditional and the fact that a person cut down, deadened, destroyed or took away any tree in good faith or by honest mistake shall not be an exception or defense to liability. To establish a right of the owner prima facie to recover under the provisions of this subsection, the owner shall only be required to show that such timber belonged to such owner, and that such timber was cut down, deadened, destroyed or taken away by the defendant, his agents or employees, without the consent of such owner. The remedy provided for in this section shall be the exclusive remedy for the cutting down, deadening, destroying or taking away of trees and shall be in lieu of any other compensatory, punitive or exemplary damages for the cutting down, deadening, destroying or taking away of trees *1031 but shall not limit actions or awards for other damages caused by a person.
(2) If the cutting down, deadening, destruction or taking away of a tree without the consent of the owner of such tree be done willfully, or in reckless disregard for the rights of the owner of such tree, then in addition to the damages provided for in subsection (1) of this section, the person cutting down, deadening, destroying or taking away such tree shall pay to the owner as a penalty Fifty-five Dollars ($55.00) for every tree so cut down, deadened, destroyed or taken away if such tree is seven (7) inches or more in diameter at a height of eighteen (18) inches above ground level, or Ten Dollars ($10.00) for every such tree so cut down, deadened, destroyed or taken away if such tree is less than seven (7) inches in diameter at a height of eighteen (18) inches above ground level, as established by a preponderance of the evidence. To establish the right of the owner prima facie, to recover under the provisions of this subsection, it shall be required of the owner to show that the defendant or his agents or employees, acting under the command or consent of their principal, willfully and knowingly, in conscious disregard for the rights of the owner, cut down, deadened, destroyed or took away such trees.
(3) All reasonable expert witness fees and attorney's fees shall be assessed as court costs in the discretion of the court.
Miss.Code Ann. § 95-5-10(Rev.1994). The Muirheads refer us to Miller v. Pannell, 815 So.2d 1117 (Miss.2002), which they claim supports their argument for entitlement to damages.
¶ 10. In Miller, the Pannells sued Miller and a sawmill company claiming the Pannells cut trees on 2.7 acres of Miller's property without permission. Miller, 815 So.2d at (¶ 1). The chancellor agreed and also found that the defendants' negligence was so gross, indifferent and lacking in good faith that it rose to the level of willfulness; thus, he awarded $14,908.63 in damages under the authority of Mississippi Code Annotated § 95-5-10(2) (Rev.1994). Miller, 815 So.2d at (¶ 1). On appeal, the supreme court affirmed, noting that the Millers never used a legal description of the land to mark the property lines, nor did they take adequate measures to ensure they were not cutting timber on the Pannells's land. Id. at (¶ 17). Miller's testimony that he gave the cutters a legal description of the land is contradicted by Tommy Biffle, one of the sawmill's timber cutters. Id. The court found this contradiction insinuated reckless disregard on Miller's part. Id. The court also found that Biffle demonstrated reckless disregard by not asking for a survey, or at least a legal description of the land when it became apparent that Miller was not certain of the location of his western property line. Id. The court concluded its opinion by saying, "While the award of damages in this case is the harshest allowed by law, we find that the award is warranted." Id. at (¶ 18).
¶ 11. The Muirheads claim that the present circumstances are much more egregious than in Miller where the court applied the harshest penalties; thus, the Muirheads are entitled to damages. As discussed later in this opinion, we reverse the chancellor for declining to award damages; however, we disagree with the Muirheads that the present case is more egregious than Miller. In Miller, the defendants did not bother even to use a legal description, rather, they took on the attitude of "the heck with them (the Pannells), we are going to start cutting, and when they holler we will stop," as found by the trial judge. Id. at (¶ 6). In Miller, *1032 a timber-cutting expert also testified that the usual practice is, where there are no physical landmarks such as a fence to indicate where the property lines are, the timber cutter should strongly recommend a survey. Id. at (¶ 5). The expert further stated that most people in this field could come within ten feet of the property line by using a hand compass and a legal description, such as one found on a deed. Id. Considering all of this evidence, the chancellor found the defendants so gross and indifferent, lacking in good faith, that their actions were willful, thus deserving full statutory penalties. Id. at (¶ 6).
¶ 12. As stated at the outset, we will not overturn a chancellor unless he was manifestly wrong, his decision was not supported by substantial credible evidence or unless he applied an erroneous legal standard. Memphis Hardwood Flooring Co., 771 So.2d at (¶ 18). First, concerning section (1) of the statute, the statute states that if any person cuts down another's tree without permission, he must pay the owner of the tree double the fair market value of the tree cut down, plus reasonable cost of reforestation, not to exceed Two Hundred Fifty Dollars ($250) per acre. Miss.Code Ann. § 95-5-10(1) (Rev.1994). Further, "good faith" or "honest mistake" is not a defense to liability. Id. According to the statute, the only burden on the owner is to show that he owned the timber and that the timber was cut down without his consent. Id. The statute does not require that the owner produce evidence of market value or reforestation costs. The chancellor based his decision on this misinterpretation of the statute, and we find reversible error.
¶ 13. Although the Muirheads's attorney was lacking in presenting evidence concerning damages, we find that once the chancellor was presented clear evidence that Muirhead owned the property and that the trees had been cut without his consent, the chancellor was obliged under the circumstances to award damages in some form. In Chevron Oil Co. v. Snellgrove, 253 Miss. 356, 175 So.2d 471 (1965), the supreme court addressed a trespass action that involved damage to trees. Having found liability, the court declared, "It is a principle of universal application that every trespass gives the landowner a right to at least nominal damages. However, in order to recover more than nominal damages, actual damages must be shown." Id. at 364, 175 So.2d at 474. Mr. Muirhead produced photographs of his land that had been clear-cut without his permission which clearly showed actual damage to his land. Additionally, Mr. Muirhead testified that he examined all the stumps left on his property and measured forty-four trees over seven inches in diameter and one-hundred seventy-two trees under seven inches. Pursuant to Mississippi Code Annotated § 95-5-10(1), the owner of land whose trees have been cut without his permission is entitled to a sum, "equal to double the fair market value of the tree cut down, deadened, destroyed or taken away, together with the reasonable cost of reforestation, which cost shall not exceed Two Hundred Fifty Dollars ($250.00) per acre ... liability for damages is `absolute and unconditional.'" Section (2) of this statute provides the chancellor with a "high end" parameter to consider in the way of a damage award. This section permits fifty-five dollars for every tree cut down that is seven inches or more in diameter and eighteen inches tall or ten dollars for every tree cut down that is less than seven inches in diameter and eighteen inches tall.
¶ 14. Considering the evidence the chancellor had before him which shows the Muirheads's land was cleared without their permission, and then considering Mr. Muirhead's count of damaged trees and *1033 caselaw and statutory authority mandating some damage award ranging from the two-hundred fifty dollars per acre to the higher punitive amounts listed in section (2), we find the chancellor erred in failing to award damages when guidelines were available for him to make an award; thus, we reverse and remand with instructions that the chancellor award damages to the Muirheads as they have met their burden of proving entitlement to the same.
¶ 15. Concerning sections (2) and (3) of the statute which allow for punitive damages and attorney's fees or expert fees in the court's discretion, we direct that the chancellor reconsider these sections in light of our reversal.
¶ 16. THE JUDGMENT OF THE CHOCTAW COUNTY CHANCERY COURT IS REVERSED AND REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEES.
KING, C.J., BRIDGES AND SOUTHWICK, P.JJ., THOMAS, IRVING, MYERS AND GRIFFIS, JJ., CONCUR. CHANDLER, J., NOT PARTICIPATING.