GRIFFIS, P.J.,
for the Court:
¶ 1. Richard Reeves and Rega, Inc. appeal the grant of summary judgment in favor of Meridian Southern Railway, LLC. They argue that the circuit court erred when it granted summary judgment in favor of Meridian Southern on the claims of conversion, unjust enrichment, and trespass. We find that nominal damages should have been granted for the claim of trespass. For all other claims and issues, we find no error and affirm.
FACTS
¶ 2. There are no facts in dispute. Meridian Southern owns and operates a short-line railroad that runs between Meridian, Mississippi, and Waynesboro, Mississippi. Along this line, there are small segments of track that branch off from the main line. These small segments are called “spurs.” Meridian Southern owns some of the spurs, while other people or entities also own some of the spurs.
¶ 3. Meridian Southern is paid to store railcars, and it uses some of the spurs for that purpose. Meridian Southern takes control of the railcars at Meridian, stores some of the railcars at its Meridian facilities, and disperses others for storage on the spurs.
¶ 4. In March 2000, Meridian Southern started to use a spur located on a tract of land in Clarke County, Mississippi. At that time, the land was owned by Clarke County, but it was occupied and used by Griffco Plastics Company. Griffco gave Meridian Southern an oral license to use the spur. Subsequently, Griffco abandoned the property, but Meridian Southern continued to use the spur. After Griff-co abandoned the property, Meridian Southern continued to store railcars on the spur; and the property owner, Clarke County, never objected to the continued use of the spur.
¶ 5. On December 28, 2006, Clarke County sold the land to Rega. Neither Clarke County nor Rega informed Meridian Southern of the sale. Meridian Southern claimed it knew nothing about the change in ownership. Meridian Southern continued to use the spur for the next twenty months without any objection from Rega.
¶ 6. In September 2008, Meridian Southern had six railcars stored on the spur when employees for Rega installed and locked a derail device on the lead railcar. This device trapped the six railcars onto the spur. After learning of this, Meridian Southern employees, accompanied by a local police officer, went to the property and tried to get the six railcars off the spur. They cut the lock off the derail device. At that point, Reeves, a shareholder of Rega, arrived on the scene and objected to the removal of the railcars. Meridian Southern employees immediately ceased their attempt to remove the railcars, replaced the lock on the derail device with an identical one, and left the property.
¶ 7. Thereafter, Meridian Southern filed a complaint for replevin. Rega answered the complaint and asserted ten counterclaims. Subsequently, Rega released the six railcars, and the replevin claim was dismissed. Meridian Southern then moved for summary judgment on Rega’s counterclaims. The circuit court granted summary judgment. Rega and Reeves now appeal the summary judgment granted on three of the ten counterclaims.
*967 STANDARD OF REVIEW
¶ 8. The standard of review of an order granting summary judgment is de novo. PPG Architectural Finishes, Inc. v. Lowery, 909 So.2d 47, 49 (¶ 8) (Miss.2005) (citing Hurdle v. Holloway, 848 So.2d 183, 185 (¶ 4) (Miss.2003)). It is well settled that “[a] summary judgment motion is only properly granted when no genuine issue of material fact exists. The moving party has the burden of demonstrating that no genuine issue of material fact exists within the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits.” Id. (internal citations and quotations omitted).
ANALYSIS

1. Claim for Conversion

¶ 9. Rega argues that Meridian Southern converted the spur when it continued to store railcars on the spur after Rega had acquired the property.
¶ 10. “[T]here is a conversion only when there is an ‘intent to exercise dominion or control over goods which is inconsistent with the true owner’s right.’ ” Community Bank, Ellisville, Miss. v. Courtney, 884 So.2d 767, 774 (¶ 15) (Miss.2004) (quoting First Investors Corp. v. Rayner, 738 So.2d 228, 234 (¶27) (Miss.1999)) (emphasis added).
¶ 11. “The tort of ‘conversion’ is an intentional exercise of dominion and control over personal property or a chattel, that so seriously interferes with the right of another to control that property that the tortfeasor may justly be required to pay the other the full value of the property.” 18 Am. Jur.2d Conversion § 1 (2004) (emphasis added).
¶ 12. Here, Rega’s spur is a fixture. It is a part of the realty. It is not personal, or moveable, property. It is not chattel. Therefore, it is not property that can be converted. The circuit court’s grant of summary judgment on this issue was proper.

2. Claim for Unjust Enrichment

¶ 13. Rega next argues that Meridian Southern has been unjustly enriched. Specifically, Rega contends that companies paid Meridian Southern to store railcars for them and that Meridian Southern used Rega’s spur for that purpose without compensating Rega in any way.
¶ 14. Unjust enrichment “applies to situations where there is no legal contract but where the person sought to be charged is in possession of [money or] property which in good conscience and justice he should not retain but should deliver to another.” Joel v. Joel, 43 So.3d 424, 432 (¶ 27) (Miss.2010).
¶ 15. Unjust enrichment is an equitable doctrine and, therefore, is subject to equitable defenses. One of those defenses is laches. The doctrine of laches states: “equity aids the vigilant and not those who slumber on their rights.” In re Estate of Davis v. Stennis, 510 So.2d 798, 800 (Miss.1987).
¶ 16. Here, Rega allowed Meridian Southern to use the spur for twenty months after Rega had acquired ownership of it. During that time, Rega neither notified Meridian Southern of the change in ownership nor objected to Meridian Southern’s use of the spur. In fact, the first act Rega took to assert its rights to the spur was to install and lock a derail device, which trapped six of Meridian Southern’s railcars on the spur.
¶ 17. Under the circumstances of this case, the circuit court was correct to deny Rega the aid of equity. The circuit court’s grant of summary judgment on this issue was proper.

*968
3. Claim for trespass

¶ 18. Next, Rega argues that Meridian Southern trespassed when it placed railcars on the spur without Rega’s permission.
¶ 19. A trespass to land is committed when a person intentionally invades the land of another without a license or other right. Thomas v. Harrah’s Vicksburg Corp., 734 So.2d 312, 316 (¶ 10) (Miss.Ct.App.1999) (citations omitted). Trespass can be committed by, among other acts, placing an object on the other person’s land. Id. at 315 (¶ 7). A trespass is committed even if the trespasser has a good-faith belief that he has a right to enter the land. Id. at 316 (¶ 8). Furthermore, the landowner may recover nominal damages, even if he fails to show any actual damages. Whitten v. Cox, 799 So.2d 1, 18 (¶ 46) (Miss.2000).
¶ 20. Here, Meridian Southern placed railcars on Rega’s spur without Rega’s consent. In its defense, Meridian Southern points out that: Griffeo granted it an oral license to use the spur; Clarke County never objected to its use of the spur; and neither Clarke County nor Rega informed it that Rega had bought the property. Based on those facts, Meridian Southern contends that it had a good-faith belief that it had a right to use the spur. However, that is not a defense to trespass.
¶ 21. The Restatement (Second) of Torts section 171 (1965) provides in part: “[T]he actor’s privilege to enter land created by consent of the possessor is terminated by ... (c) a transfer or other termination of the possessor’s possessory interest in the land.” That section of the restatement includes the following comment:
A consent given by one in possession of land ceases to be effective as conferring a privilege to enter or remain, when the interest of the licensor in the land is terminated. This rule is applicable to a transfer of the interest of the consenting possessor to a third person.... This is true although the licensee is not notified, and neither knows nor has reason to know that the consent given has been invalidated by termination of the interest in the land.
Restatement (Second) of Torts § 171 cmt. f (1965). Therefore, Meridian Southern cannot rely on the oral license granted by Griffeo. Meridian Southern trespassed on Rega’s land.
¶ 22. Although a trespass was committed, in response to the summary-judgment motion, Rega did not offer any evidence that the trespass had caused actual damages. During discovery, Meridian Southern propounded an interrogatory that asked Rega to itemize its damages. Rega responded that it would wait until the close of discovery to supplement its answers and respond to the interrogatory. Rega never supplemented its answers. There is nothing in the record or the briefs to indicate that the spur or the surrounding property had been damaged or that Rega had otherwise been injured by Meridian Southern’s use of the spur. In fact, Meridian Southern claimed that it had maintained and repaired the spur over the years.
¶ 23. In Whitten, the Mississippi Supreme Court concluded:
However, Whitten is correct to point out that where there is a trespass to land, the landowner has a right to at least nominal damages. The jury’s refusal to award nominal damages for the trespass was in error, but since there were no actual damages resulting from the trespass, this error is of little consequence. If this Court reversed and remanded on this issue, Whitten could only receive nominal damages. Instead, this error *969 will be cured by this Court reversing and rendering an award of nominal damages without the necessity of remand or retrial. See Daniel v. McNeel, 221 Miss. 666, 668, 74 So.2d 753, 754 (1954) (where the Court reversed and rendered and awarded a nominal sum of $10.00 when the only issue to be resolved was the payment of nominal damages.) Accordingly, we reverse and render as to the trespass claim only and award Whitten nominal damages in the total amount of $10.00 against Cox, Logan, and Spinosa, jointly and severally.
Whitten, 799 So.2d at 18 (¶ 47). Based on this authority, we reverse the circuit court’s grant of summary judgment and render a judgment in favor of Rega and Reeves in the total amount of $10.00.
¶ 24. In all other respects, the judgment of the Clarke County Circuit Court is affirmed.
¶ 25. THE JUDGMENT OF THE CLARICE COUNTY CIRCUIT COURT IS AFFIRMED IN PART AND REVERSED AND RENDERED IN PART. ALL COSTS OF THIS APPEAL ARE ASSESSED ONE-HALF TO THE APPELLANTS AND ONE-HALF TO THE APPELLEE.
LEE, C.J., IRVING, P.J., MYERS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.