# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2015-CA-00331-COA

**MARTHA MURRELL**                                                                 **APPELLANT**

**v.**

**JEANETTE BROWN AND WILLIE COLEMAN**                              **APPELLEES**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/11/2014 |
| TRIAL JUDGE: | HON. WILLIAM H. SINGLETARY |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CHANCERY COURT, FIRST JUDICIAL DISTRICT |
| ATTORNEY FOR APPELLANT: | LISA MISHUNE ROSS |
| ATTORNEY FOR APPELLEES: | LATRICE WESTBROOKS |
| NATURE OF THE CASE: | CIVIL - PROPERTY DAMAGE |
| TRIAL COURT DISPOSITION: | APPELLEES AWARDED $5,000 IN DAMAGES |
| DISPOSITION: | REVERSED AND REMANDED - 08/30/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**BARNES, J., FOR THE COURT:**

¶1.     On December 11, 2012, Jeanette Brown and Willie Coleman[1] filed a complaint against their next-door neighbor, Martha Murrell, for constructing a fence in violation of their subdivision's protective covenants. The North Colony subdivision covenants explicitly provide that "[n]o fence shall be constructed nor any other structure be constructed within 25 feet of front property line." The complaint alleged that Murrell constructed a fence in her front yard within a few feet of the front property line in violation of this covenant, thereby

_____

     [1] As Brown and Coleman, her domestic partner, have owned the home since 1987, we will reference the appellees collectively as "Brown" for the sake of simplicity.

diminishing the value of Brown's property and "hindering [her] use and enjoyment of [her] property." Brown requested that the fence be removed and that damages be awarded in the amount of $30,000, including reasonable attorney's fees and costs.

¶2. The complaint was originally filed in the County Court of Hinds County. On March 6, 2013, Brown moved for a default judgment against Murrell, based on Murrell's failure to answer the complaint. The following day, Murrell filed an answer. On September 11, 2013, the court granted a motion filed by Brown's attorney to withdraw as the attorney of record. Brown subsequently requested that the case be transferred to chancery court, arguing that the county court had no subject-matter jurisdiction. *See* Miss. Code Ann. § 9-9-21; § 9-9-23 (Rev. 2014). The case was transferred to Hinds County Chancery Court, First Judicial District, on September 27, 2013.

¶3. After a hearing on December 3, 2014, the chancery court found Murrell in violation of the subdivision's covenants and ordered her to remove the fence. The court further held that because "the defendant, or agents on her behalf, mutilated the plaintiffs' tree and came on to the property of the plaintiffs to accomplish such," Brown was entitled to $5,000 in damages. Murrell filed a motion to reconsider, which the chancellor denied.

¶4. On appeal, Murrell claims that the chancery court abused its discretion in awarding damages for the tree and that the damage award of $5,000 was excessive.[2] Although we find no abuse of discretion in awarding damages for the mutilation of the tree, we do find that the damage award was excessive in light of the evidence. Therefore, we reverse the judgment

_____

[2] She does not challenge on appeal the chancery court's order to remove the fence.

and remand for another hearing on the damages issue consistent with this opinion.

## STANDARD OF REVIEW

¶5.     A chancery court's findings that are supported by substantial evidence, and which are not an abuse of discretion, manifestly wrong or clearly erroneous, or based on an application of an erroneous legal standard, will not be disturbed on appeal. *Estate of Parrott v. McGruder*, 820 So. 2d 780, 781 (¶10) (Miss. Ct. App. 2002) (citing *McNeil v. Hester,* 753 So. 2d 1057, 1063 (¶21) (Miss. 2000)).

## DISCUSSION

¶6.     In awarding Brown $5,000, the chancery court reasoned that Murrell or someone on her behalf "mutilated [Brown's tree] by chopping off these limbs in such a way that I don't know what it would look like when it grows back.  And [the person] came several feet over onto [Brown's] property to do it."[3]  Murrell asserts that the chancery court abused its discretion in awarding damages for the tree, as Brown failed to reference the tree damage in the complaint.

¶7.     On July 6, 2012, Brown's attorney sent a letter to Murrell, noting the violation of the covenants due to the construction of the fence.  The letter further stated:

> When building your fence[,] you also cut limbs from my client's tree near the side line of your property.  This tree is on my client's property and you were not authorized to cut her tree limbs.  In addition to damaging my client's

---

[3] There was testimony regarding attorney's fees, but the chancellor did not specifically include these in the award.  The Mississippi Supreme Court has recognized that "if attorney's fees are not authorized by the contract or by statute, they are not to be awarded when an award of punitive damages is not proper." *Hamilton v. Hopkins*, 834 So. 2d 695, 700 (¶16) (Miss. 2003).  There was no provision for the recovery of attorney's fees under the protective covenants, and no statutory law was cited to the court below.

property, the fence in the front yard diminishes the overall value of my client's property due to its unsightliness.

Although the complaint did not reference the tree damage, pictures of the tree were entered into evidence at the hearing, showing that the tree's branches had been cut at the fence line.

¶8.     Murrell made no objection to the evidence regarding the cutting of the tree. Rule 15(b) of the Mississippi Rules of Civil Procedure provides that "[w]hen issues not raised by the pleadings are tried by expressed or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." The Mississippi Supreme Court has held: "[I]f evidence is offered by a party which is outside the scope of the pleadings and the other party fails to object, the opponent will be considered to have impliedly consented to the issue and the pleading will be amended accordingly[.]" *Lahmann v. Hallmon*, 722 So. 2d 614, 619 (¶16) (Miss. 1998) (citing *Queen v. Queen,* 551 So. 2d 197, 202 (Miss. 1989)); *see also Renfroe v. Berryhill*, 910 So. 2d 624, 629 (¶20) (Miss. Ct. App. 2005) (finding that because the defendant "failed to object and . . . . his actions at trial indicate[d] that he did recognize the entrance of the issue into the case, . . . the issue of [the plaintiff's] employment status was tried by implied consent") (citing *Lahmann,* 722 So. 2d at 619 (¶¶15-16); *Shipley v. Ferguson,* 638 So. 2d 1295, 1300 (Miss. 1994)). The cutting of the tree was also related to the building of the fence in question; the limbs were cut right at the fence line.

¶9.     Murrell claims that Brown failed to provide any proof that Murrell or her agent caused the damage to the tree. Brown asserted at the hearing that Murrell "took a power saw and cut [her] tree to build the fence," but Brown conceded that she did not personally witness Murrell, or anyone acting on her behalf, cut the tree. She simply testified that she "was

4

informed [Murrell's] father had cut the tree." The chancellor, as the fact-finder, clearly determined that Murrell or her agent cut Brown's tree. *See Brown v. Brown*, 142 So. 3d 425, 429 (¶15) (Miss. Ct. App. 2013) ("A chancellor sits as a fact-finder and, in resolving factual disputes, is the sole judge of the credibility of witnesses." (quoting *Murphy v. Murphy*, 631 So. 2d 812, 815 (Miss. 1994))). We find no error in the chancery court's findings. Circumstantial evidence (limbs cut at the fence line) clearly supports the court's finding that someone acting on Murrell's behalf cut the limbs during the construction of the fence.

> It is not within the prerogative of an appellate court to re-weigh the evidence and reach an independent decision as to whether the court agrees or disagrees with the chancellor. Rather, on appeal, our authority is limited to interceding only to correct what we consider to be a manifest error in the chancellor's decision on the facts.

*Simmons v. Simmons*, 724 So. 2d 1054, 1059 (¶16) (Miss. Ct. App. 1998).

¶10.    Murrell also contends that the award of $5,000 "for the mutilation of the tree did not address the fair market value of the tree in question." In her motion for reconsideration, she argued that "[t]he tree in question is not a fruit[-]bearing tree and the cost of complete life maturity is no more [than] two hundred and fifty dollars." On appeal, by way of analogy, she cites Mississippi Code Annotated section 95-5-10(1) (Rev. 2013), which provides:

> If any person shall cut down, deaden, destroy or take away any tree without the consent of the owner of such tree, such person shall pay to the owner of such tree a sum equal to double the fair market value of the tree cut down, deadened, destroyed or taken away, together with the reasonable cost of reforestation, which cost shall not exceed Two Hundred Fifty Dollars ($250.00) per acre.

This is the "the exclusive remedy . . . and shall be in lieu of any other compensatory, punitive or exemplary damages[.]" *Id.* Although acknowledging that this case does not involve the

cutting of timber, Murrell argues that this statute "is instructive on the issue of damages for the cutting down of a tree." Murrell misreads the statute, as $250 is the cost of reforestation, not the maximum fair market value of the tree under the statute. Brown does not specifically address this argument in her brief, merely asserting that the damage award "was not manifestly wrong or an abuse of discretion."

¶11.  The chancery court properly found that Brown's tree suffered some damage, and Murrell (or her agent) likely trespassed on Brown's property to cut the tree. However, we find the chancellor's award of $5,000 for the tree damage was excessive and not supported by substantial evidence. Brown's tree was not cut down; the tree's branches were merely cut back at the fence line. While the pruning was unsightly, there was no evidence presented that the tree was permanently damaged.

¶12.  In his separate opinion, Judge Wilson contends that this Court should render an award for nominal damages of $10, based on Brown's failure to provide any evidence of actual damages. We agree that proof of actual damages must be shown in order to recover more than nominal damages. *Chevron Oil Co. v. Snellgrove*, 253 Miss. 356, 364, 175 So. 2d 471, 474 (1965). Actual damages are defined as follows: "Compensation for actual injuries or loss[.] [A]ctual damages flowing from injury[,] . . . which are to be distinguished from damages which are nominal, exemplary or punitive[.] [A]ctual damages are synonymous with compensatory damages." *Gorman v. McMahon*, 792 So. 2d 307, 316 (¶22) (Miss. Ct. App. 2001) (quoting Black's Law Dictionary 35 (6th Ed. 1990)). While there was no discussion or evidence presented regarding the tree's value, we find that evidence of actual

6

damages suffered by Brown was provided to the court through pictures of the "mutilated" tree and could be ascertained by the chancellor. In *Muirhead v. Vaughn*, 878 So. 2d 1028, 1032 (¶¶13-14) (Miss. Ct. App. 2004), William Muirhead provided the chancery court photographs showing his land had been cleared without his permission, and this Court concluded that those photographs constituted proof of actual damages. We reversed and remanded for damages, noting "once the chancellor was presented clear evidence that Muirhead owned the property and that the trees had been cut without his consent, the chancellor was obliged under the circumstances to award damages in some form." *See also Chevron Oil Co.*, 253 Miss. at 367, 175 So. 2d at 475 (finding a jury instruction for nominal damages should not have been granted and remanding for a determination of damages, noting that although "damages were not shown with reasonable certainty[,] . . . . [i]t [was] admitted that there was actual damage to the land"). Accordingly, we reverse the judgment and remand for a hearing on the damages.

¶13.   **THE JUDGMENT OF THE CHANCERY COURT OF HINDS COUNTY, FIRST JUDICIAL DISTRICT, IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLEES.**

**LEE, C.J., IRVING, P.J., ISHEE, FAIR AND GREENLEE, JJ., CONCUR. WILSON, J. CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION, JOINED BY GRIFFIS, P.J; CARLTON, J., JOINS IN PART. CARLTON, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION. JAMES, J., NOT PARTICIPATING.**

**WILSON, J., CONCURRING IN PART AND DISSENTING IN PART:**

¶14.   I agree that there was some evidence to support a finding that Murrell or someone acting on her behalf committed a slight trespass by cutting tree branches on Brown's

property. Murrell "had the right at all times to . . . remove so much of the [branches] as overhung [her] land." *Rogers v. Ford*, 57 So. 3d 681, 683 (¶7) (Miss. Ct. App. 2011) (quoting *Griefield v. Gibralter Fire & Marine Ins.*, 199 Miss. 175, 181, 24 So. 2d 356, 358 (1946)); *accord Buckingham v. Elliott*, 62 Miss. 296, 300 (1884) (holding that if a tree's branches "overhang a neighbor's soil," "[t]he neighbor has a remedy in such case by clipping the overhanging branches"). But Murrell's right to self-help stopped at the property line,[4] and a photograph—entered into evidence as Trial Exhibit 8 and included as an appendix to this opinion—appears to show that the tree was cut beyond the property line by a matter of inches or maybe as much as a couple of feet.

¶15.    However, as the majority recognizes, Brown presented absolutely no evidence of the tree's value or that it was permanently damaged. *Ante* at (¶11). In fact, Brown did not even establish what kind of tree is at issue in this appeal.[5] It was *Brown's burden* to prove her

---

[4] *See, e.g.*, *Melnick v. C.S.X. Corp.*, 540 A.2d 1133, 1135 (Md. 1988) ("With regard to self-help, the landowner is generally limited to cutting back growth to the property line; he may not enter the adjoining landowner's property to chop down a tree or cut back growth without his neighbor's consent."); *Lane v. W.J. Curry & Sons*, 92 S.W.3d 355, 360 (Tenn. 2002) ("The courts uniformly hold that a landowner has a remedy of self-help, meaning that the landowner has the right to cut encroaching branches, roots, and other growth to the property line, but may not enter the adjoining property to chop down the tree or plant or cut back growth without the adjoining property owner's consent."); *Alvarez v. Katz*, 124 A.3d 839, 844 (Vt. 2015) ("It is clear . . . that the right to self-help extends only to the property line. Under the self-help remedy, a landowner subject to encroachment may not cross the property line and cut or remove that part of a tree or hedge which has not encroached."); *Brewer v. Dick Lavy Farms LLC*, No. 2015–CA–7, 2016 WL 3461100, at *15 (Oh. Ct. App. June 24, 2016) (Hall, J., concurring) ("[A landowner] may cut, mutilate, decimate, pulverize or obliterate branches or roots which infringe upon her property from a neighbor's trees or plants. . . . What she cannot do is intrude into the neighbor's property in doing so.").

[5] In a post-trial motion, Murrell submitted a report from Donna Beliech, a certified arborist and Area Horticulture Agent for the Mississippi State University Extension Service.

damages, and having failed to present any evidence of actual damages, she should not be given another opportunity to do so. "A litigant is entitled to but one bite at the damages apple. . . . I know of no law directing that a plaintiff who misses with his first shot at proving damages should be given a second shot." *Whittington v. Whittington*, 535 So. 2d 573, 588 n.1 (Miss. 1988) (Robertson, J., concurring), *maj. op. overruled on other grounds by C & C Trucking Co. v. Smith*, 612 So. 2d 1092 (Miss. 1992). Accordingly, I disagree with the majority's decision to "remand for a hearing on the damages." *Ante* at (¶12).

¶16.　　Because Brown failed to prove any damages, we should simply bring the case to an end by rendering judgment in favor of Brown for nominal damages only. The Supreme Court has held that ten dollars is an appropriate amount. In *Whitten v. Cox*, 799 So. 2d 1 (Miss. 2000), the Court reasoned as follows:

> [W]here there is a trespass to land, the landowner has a right to at least nominal damages. The jury's refusal to award nominal damages for the trespass was in error, but since there were no actual damages resulting from the trespass, this error is of little consequence. If this Court reversed and remanded on this issue, [the landowner] could only receive nominal damages. Instead, this error will be cured by this Court reversing and rendering an award of nominal damages without the necessity of remand or retrial. Accordingly, we reverse and render as to the trespass claim only and award [the landowner] nominal damages in the total amount of $10.00 . . . .

*Id.* at 18 (¶47) (citation omitted); *accord Reeves v. Meridian S. Ry. LLC*, 61 So. 3d 964, 968-69 (¶¶22-23) (Miss. Ct. App. 2011) (rendering judgment for $10 nominal damages where there was no proof that trespass caused any actual damages); *Gaw v. Seldon*, 85 So.

---

Beliech stated that "[t]he landscape plant in question is a mature Variegated Wax Leaf Ligustrum, *Ligustrum japonicum*," which she characterized as a "shrub" rather than a tree. Beliech concluded that there was no permanent damage to the shrub and that, even if it had been destroyed completely, its replacement cost was between $125 and $287.50.

3d 312, 318 (¶¶21-24) (Miss. Ct. App. 2012) (same). We should do the same in this case.

¶17.    In summary, there was some evidence to support a finding that Murrell exceeded her right to self-help and intruded upon Brown's property, but Brown presented no evidence to meet *her burden* of proving that she suffered damages as a result. Having failed to do so, she is not entitled to a second chance to prove compensatory damages. Therefore, rather than remand the case, we should render judgment for nominal damages only. Accordingly, I respectfully concur in part and dissent in part.

**GRIFFIS, P.J., JOINS THIS OPINION; CARLTON, J., JOINS THIS OPINION IN PART.**

**Appendix**

